UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:10-CR-29-REW-HAI |
| v. | ) ) | ORDER |
| JIMMY BROWN, | ) ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court following Defendant Jimmy Brown's final revocation hearing on one charge of violating conditions of supervised release. DE 97. After conducting the hearing, Judge Ingram recommended that the undersigned find Brown guilty of the (amended) charged violation, revoke his supervision, and sentence him to a term of time-served, followed by "six months of home confinement as part of Defendant's existing term of supervision." *Id.* at 8-9. Judge Ingram informed Defendant of his right to object to the recommendation. *Id.* Defendant waived allocution. DE 98. Judge Ingram recommended that the Defendant be assessed for anger management and mental health treatment upon his release. Judge Ingram further recommended two additional conditions of supervised release: (1) "that Defendant comply with USPO instructions concerning location monitoring while on home confinement"; and (2) that Defendant be prohibited "from having any form of contact with Amanda Perot, Ms. Perot's mother, her immediate family, and Preston Brown." *Id.* at 9. The prescribed seven-day objection period has expired, and neither Brown nor the United States objected to the Recommended Disposition.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those

findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record and Judge Ingram's thorough treatment, **ORDERS** as follows:

1. The Court **ADOPTS** DE 97 and **ADJUDGES** Defendant Brown guilty of the charged violation, as amended;

2. The Court revokes supervision and **SENTENCES** Defendant Brown to time-served, to be followed, as part of ensuing supervision, by a term of home confinement for a period of six months. The Court further adopts Judge Ingram's recommendation that Defendant be assessed for anger management needs,[1] with apt treatment to follow, upon his release back to supervision. The Court also adopts Judge Ingram's two recommended additional terms, specifically: (1) "that Defendant comply with USPO instructions concerning location monitoring while on home confinement"; and (2) that Defendant be prohibited "from having any form of contact with Amanda Perot,

---

[1] The original terms of Brown's supervised release included a provision directing Brown to participate in a mental health program at USPO's direction. *See* DE 57 at 4 (Judgment). As the Court adopts Judge Ingram's recommendation that supervised release be reimposed under existing conditions as modified, the Court sees no need to double up on the mental health treatment requirement.

Ms. Perot's mother, her immediate family, and Preston Brown." The Court will enter an appropriate revocation judgment; and

3. All other prior terms of supervision, captured in DE 57, shall continue to apply. The supervision term shall end on March 3, 2023.

This the 27th day of January, 2022.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge